**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEIVIS DAVID TERAN HURTADO, | Case No.: 3:26-cv-00977-BTM-DDL |
|     Petitioner, | |
|     v. | **ORDER DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS** |
| WARDEN, Otay Mesa Detention Center, KRISTI NOEM,[1] Secretary, U.S. Department of Homeland Security, and U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, | **[ECF NO. 1]** |
|     Respondents. | |

Deivis David Teran Hurtado has petitioned the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  After reviewing the petition, the Court concludes that it must be dismissed.

"A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to those brought under 28 U.S.C. § 2254."  *Lainez Flores v.*

---

[1] The petitioner named Alejandro Mayorkas, the former Secretary of the Department of Homeland Security, as a Respondent.  Pursuant to Federal Rule of Civil Procedure 25(d), the current Secretary, Kristi Noem, is substituted for Mayorkas.

*Warden*, 2026 WL 213516, at *1 (S.D. Cal. Jan. 27, 2026) (citing Rules Governing Section 2254 Cases in the United States District Courts R. 1(b) (2019) [hereinafter Habeas Rules]). Under these screening requirements, a habeas petition must:

> (1) specify all the grounds for relief available to the petitioner;
> (2) state the facts supporting each ground;
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Habeas Rules 2(c).  A petition from a litigant representing himself is held to "less stringent standards" than a petition drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  But pro se litigants still "must follow the same rules of procedure that govern other litigants," such as satisfying the habeas screening requirements.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012).  If it "plainly appears from the petition" that the requirements were not met, the Court "must dismiss the petition."  Habeas Rules 4.  The dismissal does not bar the petitioner from seeking habeas relief in the future.  *Sanders v. United States*, 373 U.S. 1, 8 (1963) ("The inapplicability of res judicata to habeas . . . is inherent in the very role and function of the writ.").

Here, Teran Hurtado does not allege facts that support grounds for relief.  His petition states that he was detained on January 10, 2026.  (ECF No. 1 ("Pet."), at 1.)  He argues that his detention "violates the Due Process Clause of the Fifth Amendment to the United States Constitution."  (*Id.*)  Yet Teran Hurtado does not provide facts regarding his immigration status, how long he has resided in the country, when and where he entered the United States, whether he has granted parole which was revoked—and if so, whether he was given a reason for the revocation and an opportunity to rebut the reason for revocation—or whether he is subject to mandatory detention by the Respondents.  (*See generally* Pet.)  Without this information, the Court cannot determine whether Teran Hurtado is entitled to habeas relief.

26-cv-977

Because Teran Hurtado's petition has not met the screening requirements for a habeas petition, his petition is **DISMISSED** without prejudice.  The Court grants Teran Hurtado leave to amend his petition within forty-five (45) days.  If Teran Hurtado fails to amend his petition by **April 10, 2026**, a final judgment of dismissal will be entered.

**IT IS SO ORDERED.**

Dated:  February 25, 2026

Honorable Barry Ted Moskowitz
United States District Judge

26-cv-977