# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

DEIVIS DAVID TERAN HURTADO,

Petitioner,

v.

CHRISTOPHER LAROSE, Senior Warden, Otay Mesa Detention Center; PATRICK DIVVER, Field Office Director, Enforcement and Removal Operations, Immigration and Customs Enforcement; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement; and MARKWAYNE MULLIN, Secretary, Department of Homeland Security,

Respondents.

Case No.:  3:26-cv-00977-BTM-DDL

**ORDER GRANTING IN PART AND DISMISSING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF NO. 3]**

Pending before the Court is Deivis David Teran Hurtado's petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the reasons stated below, the Court GRANTS IN PART and DISMISSES IN PART the petition and orders Teran Hurtado's immediate release from custody.

26-cv-977

## I.      BACKGROUND

Teran Hurtado arrived at the United States border on November 19, 2021.  (ECF No. 3-1 ("Am. Pet."), ¶ 47.)  Immigration officials inspected him and released him on his own recognizance on November 22, 2021.  (ECF No. 3-2 ("Release Order"), at 2.)   The Respondents acknowledge that he was conditionally paroled into the country under 8 U.S.C. § 1226(a). (ECF No. 7 ("Return"), at 2.)  The release order required Teran Hurtado to attend an immigration court hearing on January 25, 2022.  (Release Order, at 2.)  He mailed a letter to the immigration court to request a new date but did not receive a response. (Am. Pet., ¶ 47.)  In 2024, he was approved for Temporary Protective Status as a national of Venezuela. (*Id.*)  This was allegedly cancelled by the Government. (*Id.*)

On January 15, 2026, Teran Hurtado was detained by the Respondents without an opportunity to rebut the redetention.  (*Id.* ¶ 8.)  He was then placed into Section 1229a removal proceedings.  (*Id.* ¶ 48.)  On January 26, 2026, he was moved to the Otay Mesa Detention Center.  (*Id.* ¶ 29.)  On March 16, 2026, he applied for asylum.  (*Id.* ¶ 50.)

Teran Hurtado is currently detained at Otay Mesa.  (*Id.* ¶ 20.)  He filed a petition for the writ of habeas corpus on February 17, 2026.  (ECF No. 1.)  After the Court dismissed his petition without prejudice and granted him leave to amend, he filed an amended petition on April 2, 2026.  (ECF No. 2; Am. Pet.)

## II.      DISCUSSION

The Petitioner makes five claims.  First, the Petitioner argues that the Respondents violated his liberty interest under the Due Process Clause by detaining him without identifying changed circumstances that warrant redetention. (Am Pet., ¶ 51–59.)  Second, that the Respondents violated the Administrative Procedure Act ("APA") by detaining him without adequate regulatory authority.  (*Id.* ¶ 60–65.)  Third, that the Respondents violated the APA by detaining him without notice as required under the Immigration and Nationality Act.   (*Id.* ¶ 67–77.)   Fourth, that the Respondents violated the Fourth Amendment of the U.S. Constitution by detaining him without probable cause.  (*Id.* ¶ 78–84.)  Fifth, that the Respondents violated the Due Process Clause by detaining him without

26-cv-977

notice or an opportunity to be heard. (*Id.* ¶ 85–89.) The Petitioner requests that the Court grant him release on any claim. The Respondents acknowledge that this Court has granted petitions with similar facts and legal issues. (Return, 2.) They "defer[] to the Court on the appropriate relief." (*Id.* at 3.)

The Court finds that relief is warranted on the first claim and declines to reach the other claims.

### A.   Due Process Rights for Parolees

The Fifth Amendment entitles noncitizens[1] "to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Due Process also "protects noncitizens from unlawful detention during their removal proceedings." *Esquivel Pacheco v. LaRose*, No. 25-cv-2421, 2026 WL 242300, at *6 (S.D. Cal. Jan. 29, 2026) (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)). Here, the Petitioner challenges his current detention as contrary to the Due Process Clause.

The Court recently analyzed the same issue in *Tulyakov v. LaRose*, No. 26-cv-01695, 2026 WL 981218 (S.D. Cal. Apr. 13, 2026). There, the Court considered the *Mathews v. Eldridge* factors[2] and found that the Respondents violated the Petitioner's due process rights. 424 U.S. 319 (1976); *Tulyakov*, 2026 WL 981218, at *2. The Court adopts its previous decision and finds that a similar violation has occurred here. First, the Petitioner acquired a protected interest in being free from imprisonment once the Respondents exercised their discretion and paroled the Petitioner into the country. Second, the

---

[1] This order uses the term "noncitizen" as equivalent to the statutory term "alien." 8 U.S.C. § 1101(a)(3); *see Barton v. Barr*, 590 U.S. 222, 226 n.2 (2020).

[2] To determine whether "the administrative procedures provided . . . are constitutionally sufficient," the Court must consider three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976).

26-cv-977

Respondents' process of revoking the Petitioner's parole—arresting him without an opportunity to be heard—created a substantial risk that the Petitioner's liberty interest would be erroneously deprived.  Third, the Respondents have not argued that their interest in immigration enforcement justifies the process used to detain the Petitioner.  Taken together, the Petitioner's liberty interest and the procedural protections afforded that interest outweigh the Respondents' enforcement interest.

The Respondents violated the Petitioner's due process rights by "detaining [him] without justification." *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1158 (D. Minn. 2025); *cf. Niz-Chavez v. Garland*, 593 U.S. 155, 172 (2021) ("If men must turn square corners when they deal with the government, it cannot be too much to expect the government to turn square corners when it deals with them.").  Moreover, the Respondents do not contend that any changed circumstances warranted Petitioner's redetention or that the Petitioner is a danger to the community or a flight risk.  Thus, the writ must issue to release him from custody.  The petition is granted on the first claim.

### B.    Other Claims

Because the Court grants the petition on other grounds, the Court declines to reach the merits of the Petitioner's other claims.  Counts Two, Three, Four, and Five of the petition are dismissed without prejudice as moot.

//
//
//
//
//
//
//
//
//
//

4

26-cv-977

### III. CONCLUSION

The petition for a writ of habeas corpus is **GRANTED** on the first claim and the writ is **ISSUED**. The Respondents shall immediately release Teran Hurtado from custody on any preexisting conditions, updated for reporting and appearances. The second, third, fourth, and fifth claims are **DISMISSED** without prejudice as moot. The parties shall file a joint statement as to the satisfaction of the writ by May 8, 2026, at 5 p.m. The Court retains jurisdiction to enforce the writ.

**IT IS SO ORDERED.**

Dated: May 7, 2026

Honorable Barry Ted Moskowitz
United States District Judge

26-cv-977